UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MATHEW ST. HILAIRE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:25-cv-00362-NT |
| | ) | |
| WELLPATH HOLDINGS, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

**SUPPLEMENTAL RECOMMENDED DECISION**

After a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, I recommended that the Court dismiss the matter unless Plaintiff amended his complaint to allege an actionable claim. (Recommended Decision, ECF No. 6.) In the Recommended Decision, I explained that "Plaintiff's complaint [did] not conclude sufficient detail to state an actionable Eighth Amendment claim of inadequate medical care." (*Id.* at 5.) By way of example, I noted that Plaintiff had not described the condition from which he suffered, or the treatment requested but not provided. (*Id.*)

Subsequently, Plaintiff filed an amended complaint in which he asserts that on August 6, 2024, he was admitted to a local hospital due to severe injuries to his left leg following a month of waiting after "numerous sick calls." (Amended Complaint at 2-3, ECF No. 10.) Plaintiff also describes in more detail the nature of his medical condition.

Plaintiff's complaint, however, fails to satisfy the pleading requirements of *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). While the factual allegations might support the element of an objectively

serious medical need, the allegations do not satisfy the subjective element of an Eighth Amendment medical claim.

As noted in the Recommended Decision, under the subjective prong of a deliberate indifference medical claim, "a plaintiff must show 'that prison officials possessed a sufficiently culpable state of mind, namely one of deliberate indifference to an inmate's health or safety.'" *Perry v. Roy*, 782 F.3d 73, 78 (1st Cir. 2015) (quoting *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011)). Plaintiff evidently maintains that he received inadequate care before hospitalization, but he alleges no facts regarding what caused his injury, the symptoms he experienced, or when and how Defendants learned of the condition. Notably, Plaintiff has not alleged the substance of any communications with any of the defendants or any other circumstances that would have alerted the individual defendants[1] to the seriousness of Plaintiff's condition and the need for treatment that was not provided. He also does not describe how the individual defendants responded to any reports that he might have made about his condition. In other words, Plaintiff has not alleged any facts that would permit a fact finder to conclude that one of or both the individual defendants knowingly acted with deliberate indifference to Plaintiff's condition, as is required to satisfy the subjective element of an Eighth Amendment claim.

Furthermore, Wellpath is a private contractor that provides medical services at a state prison and, as such, is generally treated as a municipality for purposes of claims under 42 U.S.C. § 1983. *See Wall v. Dion*, 257 F. Supp. 2d 316, 319-20 (D. Me. 2003); *see also*

---

[1] Plaintiff has identified the individual defendants as Jane Doe (a nurse practitioner) and John Doe (a physician).

*Witham v. Corizon, Inc.*, No. 2:12-cv-00146-NT2012 2012 WL 5267657, at *7 & n.4 (D. Me. Sep. 17, 2012). "[A]lthough a municipality may not be held liable under a theory of respondeat superior for an employee's constitutional violation, it may be held liable when 'execution of [the municipality's] policy or custom . . . inflicts the injury' and is the 'moving force' behind the employee's constitutional violation." *Saldivar v. Racine*, 818 F.3d 14, 20 (1st Cir. 2016) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To establish liability, courts "look at whether there was a 'direct causal link' between the policy and the violation, or if the policy 'actually caused' the violation." *Burrell v. Hampshire County*, 307 F.3d 1, 10 (1st Cir. 2002) (quoting *Canton v. Harris*, 489 U.S. 378, 385, 391 (1989)). Plaintiff has not alleged a custom or policy of Wellpath that was the "moving force," *Saldivar*, 818 F.3d at 20, behind his alleged constitutional violation.[2] As such, Plaintiff has not alleged a "'direct causal link' between [a] policy and [a] violation." *Burrell*, 307 F.3d at 10 (quoting *Canton*, 489 U.S. at 385). Plaintiff, therefore, has failed to plead sufficient facts to support a plausible claim for relief against Wellpath.

In sum, for the reasons stated in the Recommended Decision and for the reasons outlined herein, I recommend the Court dismiss Plaintiff's complaint, as amended.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

[2] Plaintiff alleges that by policy, Defendant John Doe had a duty to provide care to him but Plaintiff does not identify a policy that would serve as a basis for Wellpath's liability.

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of September, 2025.